UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **00-6241 CR-ZLOCH**

18 U.S.C. § 473
18 U.S.C. § 2

**MAGISTRATE JUDGE
SELTZER**

UNITED STATES OF AMERICA,

V.

RAMIN BAHARMAST
  and
DAVID EDWIN APPLEGATE,

Defendants.
_____/

**INDICTMENT**



The Grand Jury charges that:

COUNT ONE

On or about August 15, 2000, in Broward County, in the Southern District of Florida, the defendants,

RAMIN BAHARMAST
and
DAVID EDWIN APPLEGATE,

did knowingly sell, buy, receive, and deliver, counterfeit obligations of the United States, that is, one hundred eighty-seven thousand dollars ($187,000) in one hundred-dollar denominations of Federal Reserve Notes, Series of 1996, with the intent that the same be passed, published and used as true and genuine, in violation of Title 18, United States Code, Sections 473 and 2.



FORFEITURE

1. The allegations contained in Count 1 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein, for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2).

2. As a result of the foregoing offense, the defendants,

RAMIN BAHARMAST
and
DAVID EDWIN APPLEGATE,

shall forfeit, jointly and severally, to the United States all property, real and personal, involved in and constituting and derived from proceeds which the defendants RAMIN BAHARMAST and DAVID EDWIN APPLEGATE obtained directly and indirectly as a result of the aforesaid offense, in violation of Title 18, United States Code, Section 473, and is therefore subject to forfeiture under Title 18, United States Code, Section 982.

3. Such forfeiture shall include the following:

   a. Approximately $4,500 in United States currency.

   b. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

      (1) cannot be located upon the exercise of due diligence;

      (2) has been transferred or sold to, or deposited

2

       with a third party;

          (3) has been placed beyond the jurisdiction of the Court; or

          (4) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

       A TRUE BILL

       *[signature]*
       FOREPERSON

*[signature]*
GUY A. LEWIS
UNITED STATES ATTORNEY

*[signature]*
ROGER W. POWELL
ASSISTANT U.S. ATTORNEY

3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|
| v. | **CERTIFICATE OF TRIAL ATTORNEY*** |
| RAMIN BAHARMAST, et al., | **Superseding Case Information**: |

**Court Division:** (Select One)

New Defendant(s)     Yes ___ No ___
Number of New Defendants ___
Total number of counts ___

___ Miami   ___ Key West
_X_ FTL     ___ WPB  ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:        (Yes or No) NO_____
   List language and/or dialect  _____

4. This case will take _2_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                              (Check only one)

   | | | | | | |
   |---|---|---|---|---|---|
   | I   | 0 to 5 days    | X__ | Petty   | ___ |
   | II  | 6 to 10 days   | ___ | Minor   | ___ |
   | III | 11 to 20 days  | ___ | Misdem. | ___ |
   | IV  | 21 to 60 days  | ___ | Felony  | X__ |
   | V   | 61 days and over | ___ | | |

6. Has this case been previously filed in this District Court? (Yes or No) NO
   If yes:
   Judge: _____    Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter? (Yes or No) YES
   If yes:
   Magistrate Case No.   00-4201-SNOW
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of 08/16/00
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No) ___ NO

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes _X_ No    If yes, was it pending in the Central Region? ___ Yes ___ No

8. Did this case originate in the Narcotics Section, Miami? ___ Yes _X_ No

*Roger W. Powell*
ROGER W. POWELL
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 341411

*Penalty Sheet(s) attached                                                    REV.6/27/00

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PENALTY SHEET**

Defendant's Name:  RAMIN BAHARMAST          No.: _____

Magistrate Case No.:

**Count #:1**
Dealing in Counterfeit U.S. Currency

Title 18, United States Code, Sections 473 and 2

*Max. Penalty: up to 10 years' imprisonment and a $250,000 fine

**Count #:**


*Max. Penalty:

**Count #:**


*Max. Penalty:
**Count #:**


*Max. Penalty:

**Count #:**


*Max. Penalty:

**Count #:**


*Max. Penalty:

1 of 1
***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name:  DAVID EDWIN APPLEGATE          No.:_____

Magistrate Case No.:

**Count #:1**
Dealing in Counterfeit U.S. Currency

Title 18, United States Code, Sections 473 and 2

*Max. Penalty: up to 10 years' imprisonment and a $250,000 fine

**Count #:**



*Max. Penalty:

**Count #:**



*Max. Penalty:

**Count #:**



*Max. Penalty:

**Count #:**



*Max. Penalty:

**Count #:**



*Max. Penalty:

1 of 1

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

REV. 12/12/96